**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-21-956-G** |
| **GERALD S. BROWN d/b/a THE UPPER LEVEL LOUNGE,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Now before the Court is Plaintiff Joe Hand Promotions Inc.'s Motion for Default Judgment (Doc. No. 9), in which Plaintiff seeks entry of a default judgment against Defendant Gerald S. Brown d/b/a The Upper Level Lounge. For the reasons stated below, the Court finds that a default judgment should be entered.

*I. Background*

Plaintiff initiated this action on September 28, 2021, seeking damages from Defendant for satellite piracy in violation of 47 U.S.C. § 605.[1] *See* Compl. (Doc. No. 1). Defendant was served with a summons and Complaint on or about November 12, 2021. *See* Doc. No. 3. On June 17, 2022, after Plaintiff showed that Defendant had failed to answer or otherwise defend itself in this lawsuit, the Clerk entered Defendant's default

[1] The Complaint alternatively alleges cable piracy in violation of 47 U.S.C. § 553. *See* Compl. ¶¶ 3, 16-17. But Plaintiff's Motion for Default Judgment only seeks damages pursuant to 47 U.S.C. § 605. *See* Pl.'s Mot. Default J. (Doc. No. 9-1) at 5.

pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 8).

Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $30,000.00. *See* Pl.'s Mot. Default J. at 12-15; Janis Aff. (Doc. No. 9-6) ¶ 11.

*II. Discussion*

*A. Procedural Requirements*

The record reflects that Defendant has failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

*B. Plaintiff's Allegations*

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v.*

*Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

The Complaint alleges that Plaintiff is a corporation that "specializes in licensing and distributing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses and similar establishments," and that Defendant operated the establishment known as The Upper Level Lounge. Compl. ¶¶ 2, 6. Plaintiff states that it "held the exclusive commercial licensing rights to the broadcast of *Errol Spence Jr. vs. Shawn Porter*, including all undercard bouts and commentary, telecast nationwide on September 28, 2019 (the 'Program')." *Id.* ¶ 1. Plaintiff alleges that Defendant willfully intercepted or received the interstate satellite communication of the Program or assisted in doing so and then "unlawfully transmitted, divulged and published said communication, or assisted in unlawfully transmitting, divulging and publishing said communication to patrons in the Establishment" "while avoiding proper authorization and payment to Plaintiff." *Id.* ¶ 10-11, 12.

Accepting the well-pleaded allegations in the Complaint as true, the Court finds that they establish Defendant's liability for satellite piracy in violation of 47 U.S.C. § 605. *See Tabb*, 2018 WL 3213622, at *2; *see also J & J Sports Prods., Inc. v. Brady*, No. CIV-15-

0454-HE, 2016 WL 8650479, at *1 (W.D. Okla. Mar. 23, 2016) ("To establish liability under . . . § 605, a plaintiff must prove that a defendant unlawfully exhibited, published or divulged a privileged communication and the signal transmitting that communication was delivered to the intercepting party by way of a satellite or cable transmission." (internal quotation marks omitted)). Because Defendant has failed to respond to or defend this action in any way, the Court finds that entry of a default judgment is appropriate.

*C. Damages*

Rule 55(b) provides two distinct methods for entering a default judgment. First, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk of Court "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1); *see also Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (noting that a default judgment may be entered without a hearing when the amount claimed "is a liquidated sum" or "one capable of mathematical calculation"). In all other cases, the moving party must apply to the Court, which may "conduct hearings or make referrals" when necessary "to enter or effectuate judgment." Fed. R. Civ. P. 55(b)(2).

Pursuant to 47 U.S.C. § 605, any person who, without authorization, receives and publishes a communication, including a satellite broadcast, may be liable for statutory damages. *See* 47 U.S.C. § 605(e). Plaintiff requests statutory damages in an amount totaling $30,000.00. *See* Pl.'s Mot. Default J. at 15. "The amount of damages assessed pursuant to [§ 605] rests within the sound discretion of the court." *Zuffa, LLC v. Gonzalez*,

No. 17-CV-01805, 2017 WL 6016403, at *3 (D. Colo. Nov. 14, 2017) (internal quotation marks omitted). "There needs to be some proportionality between the loss suffered and the amount of statutory damages," however. *Id.* (internal quotation marks and alteration omitted).

Plaintiff first requests statutory damages in the amount of $10,000 pursuant to § 605(e)(3)(C)(i)(II). *See* Pl.'s Mot. Default J. at 6-9. Under this subsection, damages may be awarded in a sum of not less than $1,000.00 and not more than $10,000.00. 47 U.S.C § 605(e)(3)(C)(i)(II). The record establishes that the required commercial sub-license fee for Defendant to broadcast the Program would have been $2,200.00. *See* Rate Card (Doc. No. 9-4); Pl.'s Mot. Default J. at 11. The evidence presented further shows there were approximately 50 patrons present in the establishment for the broadcast, the capacity of the establishment was approximately 120-130 people, that Defendant showed the Program on five televisions in the establishment, and that Defendant charged a $20.00 cover charge. *See* Pl.'s Mot. Default J. at 4; Meed Aff. (Doc. No. 9-5). Plaintiff has also provided evidence supporting that unauthorized exhibition of the Program as well as other programs Plaintiff held proprietary rights to were advertised by Defendant on Facebook and Instagram. *See* Pl.'s Mot. Default J. at 6; *see also* Janis Aff. ¶ 3; Doc. No. 9-7.

Upon consideration of the facts shown by Plaintiff's Motion and evidence, the Court finds that an award of statutory damages is proper. Further the Court concludes that Plaintiff should recover the maximum statutory award available under 47 U.S.C § 605(e)(3)(C)(i)(II)—$10,000.00. "This amount is sufficient to compensate Plaintiff for the cost of the commercial sub-license fee and to disgorge [Defendant] of any financial benefits

resulting from the unlawful broadcast." *J & J Sports Prods., Inc. v. Spears*, No. CIV-18-126-D, 2018 WL 4702173, at *2 (W.D. Okla. Oct. 1, 2018). Further, this award is consistent with other statutory damages awarded for similar violations. *See id.*; *J & J Sports Prods., Inc. v. Garcia*, No. CIV-14-806-D, 2015 WL 1800534, *2 (W.D. Okla. April 16, 2015).

Plaintiff also requests enhanced damages in the amount of $20,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) as Plaintiff argues Defendant's actions were willful and committed for direct or indirect commercial advantage or private financial gain. *See* Pl.'s Mot. Default J. at 9-12. In the event the Court finds the satellite interception was willful and for direct or indirect commercial advantage or private financial gain, additional damages may be awarded in a sum of not more than $100,000.00. *See* 47 U.S.C. § 605(e)(3)(C)(ii).

"Defendant's default and [its] decision not to defend against these allegations are grounds for concluding that [its] actions were willful." *Christ Ctr. of Divine Phil., Inc. v. Elam*, No. CIV-16-65-D, 2017 WL 564110, at *2 (W.D. Okla. Feb. 10, 2017). Further, as previously discussed, Plaintiff has provided evidence supporting that Defendant advertised the Program and other programs Plaintiff held proprietary rights to on Facebook and Instagram and charged a $20.00 cover on the night of the Program. *See* Pl.'s Mot. Default J. at 4, 6. Because Defendants' conduct was willful and committed for direct or indirect commercial advantage or private financial gain, the Court finds that Plaintiff is entitled to enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii) in the requested amount of $20,000.00.

For the reasons explained above, the Court finds that Plaintiff is entitled to damages in the amount of $30,000.00.[2] Further, Plaintiff's request for costs in the amount of $797.00 is well supported and likewise is granted. *See* Janis Aff. ¶ 9; Process Service Invoice (Doc. No. 9-9).

CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. No. 9) is GRANTED as set forth herein. A separate Default Judgment shall be entered.

IT IS SO ORDERED this 27th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge

[2] Plaintiff also requests that the Court award attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). *See* Pl.'s Mot. at 15. Plaintiff has failed to provide any declarations setting forth a description of the work performed, the hourly rates charged, or the amount requested, and so that request is denied. *Cf.* LCvR 54.2 (specifying that a brief for attorneys' fees "should be accompanied by an affidavit stating the amount of time spent on the case, the hourly fee claimed by the attorney, the hourly fee usually charged by the attorney if this differs from the amount claimed in the case, and any other pertinent factors.").